UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DARRELL E. HARRIS,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>CALIF. DEPT. OF CORR. CHINO CA,<br><br>　　　　Respondent. | Case No. ED CV 20-00777-JFW (DFM)<br><br>ORDER RE: SUMMARY DISMISSAL OF ACTION |

## I.  INTRODUCTION

On April 14, 2020, Darrell E. Harris ("Petitioner"), a state prisoner incarcerated at California Institution for Men ("CIM"), filed a Petition for Writ of Habeas Corpus. See Dkt. 1 ("Petition").[1] He has also filed a Motion for Extension of Time to File In Forma Pauperis and Correctional Filing Supplemental, see Dkt. 3, and a Motion to Dismiss in Part and Proceed on Remaining Claim of Failure to Protect by Social Distancing, see Dkt. 4.

For the reasons stated below, the Court finds that the Petition challenges the condition of Petitioner's confinement and therefore is not cognizable on habeas review. And this Court lacks any basis to provide relief to Petitioner on his § 3582(c)(1)(A) claim. Accordingly, the Court recommends that the

---

[1] All page citations are to the electronic CM/ECF pagination.

Petition be summarily dismissed without prejudice.

## II. DISCUSSION

A habeas corpus action is the proper mechanism for a prisoner to challenge the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). The Supreme Court has left "to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself." Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979). A challenge to conditions of confinement by state prisoners is generally brought pursuant § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004).

Despite Petitioner's framing of his pleading as a "petition for writ of habeas corpus," the face of the Petition and Plaintiff's other filings clearly establish that Petitioner's concern is with CIM's response to the COVID-19 pandemic, specifically their failure to provide the ability for prisoners to engage in social distancing. See Dkt. 4 at 5.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). The Court declines to do so in this case. Prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. Indeed, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $350.00 in contrast to the $5.00 filing fee for habeas petitions. See 28 U.S.C. § 1914(a).

And, while a civil rights action may proceed despite the prisoner's inability to prepay the entire $350.00 if he is granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed. See 28 U.S.C. § 1915(b)(1)-(2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Petitioner has neither paid the fee to file a civil rights action nor has he filed an IFP request. In addition, the Court would be obligated to screen the converted Petition under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief. The Court also notes that if the converted Petition was ultimately dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury." Further, Petitioner's complaint was with the measures taken at CIM, but he has been move to CSP Corcoran, making it unclear if his conditions of confinement have changed. See Dkt. 5.

Based on the foregoing, the Court believes that it is appropriate to dismiss the Petition without prejudice so that Petitioner has the opportunity to decide whether he wishes to incur the filing fee, assume the risk of a potential "strike" under § 1915(g), and raise his claims through a civil rights complaint.[2]

---

[2] If Petitioner elects to bring a civil rights action based on the instant claims, he should use and completely fill out the applicable federal complaint forms and submit them with either the filing fee or a properly supported IFP request and a certified copy of his trust fund account statement (or institutional equivalent) for the six months immediately preceding the filing of the

See Jones v. Haws, No. 08-6309, 2009 WL 4015432, at *3 (C.D. Cal. Nov. 18, 2009) ("Because of the filing fee requirements of the PLRA, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless it is clear he or she wishes to do so.").

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that judgment be entered summarily dismissing this action without prejudice. All pending motions are denied as moot.

Dated: July 13, 2020

JOHN F. WALTER
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

complaint. See 28 U.S.C. § 1915(a)(1)-(2). He should not use the case number from this action. If Petitioner files a new § 1983 action, the Clerk will give the new action a different case number.